# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: L.W., S.R. & S.R.**

**No. 14-0855** (Clay County 12-JA-61 through 12-JA-63)

**FILED**

January 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christopher Moffatt, appeals the Circuit Court of Clay County's July 14, 2014, order terminating her parental rights to six-year-old L.W., eight-year-old S.R., and ten-year-old S.R.. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Kevin Hughart, filed a response on behalf of the children that supports the circuit court's order. On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2012, the DHHR filed an abuse and neglect petition alleging that Petitioner Mother failed to protect her children and exposed them to domestic violence. In June of 2012, the circuit court adjudicated Petitioner Mother as an abusive and neglectful parent for exposing her children to multiple acts of domestic violence. In December of 2012, the circuit court denied Petitioner Mother's motion for post-adjudicatory improvement period. Instead, the circuit court granted Petitioner Mother a one year "post rehabilitation improvement period."

By order entered on April 11, 2013, the circuit court accepted Petitioner Mother's voluntarily relinquishment of her custodial rights to her children. Further, the circuit court directed Petitioner Mother to complete a substance abuse evaluation before moving the circuit court for visitation with her children. In December of 2013, the DHHR moved to modify the April 11, 2013, dispositional order. The DHHR alleged that Petitioner Mother failed to complete her substance abuse evaluation and has not had any contact with her children since December of 2012. By order entered January 10, 2014, the circuit court denied the DHHR's motion, and set an additional review hearing.

On June 12, 2014, the circuit court held another hearing on the DHHR's motion to modify Petitioner Mother's dispositional order. The DHHR caseworker testified that Petitioner Mother had not had contact with her children since December 7, 2012, and failed to complete her substance abuse evaluation on three separate occasions. The circuit court ultimately terminated Petitioner Mother's parental rights because she failed to submit to the substance abuse

1

evaluation. Additionally, the circuit court found that Petitioner Mother abandoned her children. It is from this order that Petitioner Mother appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother argues that the circuit court erred in modifying the dispositional order and terminating her parental rights. Upon our review of the record, we find no error or abuse of discretion by the circuit court. West Virginia Code § 49-6-6(a) gives circuit court's the discretion to modify a dispositional order "if the [circuit] court finds by clear and convincing evidence a material change of circumstances and that such modification is in the child's best interest." As stated above, the circuit court heard testimony that Petitioner Mother failed to complete her substance abuse evaluation on at least three occasions and that she had not seen her children since December of 2012. Further, Petitioner Mother concedes that she has not completed her substance abuse evaluation. We have previously stated that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)). As such, we have held that "[t]his Court . . . cannot set aside a circuit court's factual determinations unless such findings are clearly erroneous." *Id*. Upon our review, it is evident that the circuit court was presented with clear and convincing evidence that it was in the best interest of the children to modify Petitioner Mother's dispositional order.

Petitioner Mother also argues that the circuit court erred in terminating her parental rights without considering the wishes of her children. This Court finds no merit in Petitioner Mother's argument. "[T]he [circuit] court shall give consideration to the wishes of a child fourteen years of age or older or otherwise of an age of discretion as determined by the court regarding the permanent termination of parental rights." W.Va. Code 49-6-5(a)(6)(C). Based upon a review of the record, it is clear that the circuit court was not required to consider the children's wishes because they were only six, eight, and ten years old. Additionally, the record is devoid of any evidence to show that the children were of an age of discretion. Furthermore, the DHHR is not

required to make reasonable efforts to preserve the family if the circuit court determines that the parent has subjected the child to "aggravated circumstances which include, but are not limited to, abandonment[.]" W.Va. Code § 49-6-5(a)(7)(A). Based on the circumstances of this case, we find no error to warrant reversal.

For the foregoing reasons, we find no error in the decision of the circuit court and its July 14, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** January 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II